UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ROCHE DIAGNOSTICS CORPORATION, ROCHE DIAGNOSTICS OPERATIONS, INC., and ROCHE DIAGNOSTICS GMBH,,

Plaintiffs,

vs.

SUPPLY U NOW, INC.,

Defendant.

1:04-cv-1403-SEB-VSS

**AGREED PERMANENT INJUNCTION**

Plaintiffs Roche Diagnostics Corporation, Roche Diagnostics Operations, Inc., and Roche Diagnostics GmbH ("Plaintiffs") and Defendant Supply U Now, Inc. ("S-U-N"), enter into this Agreed Permanent Injunction to resolve the above-captioned lawsuit (the "Lawsuit"), and the Court hereby orders, as follows:

It is ORDERED that:

1. Roche Diagnostics GmbH is the owner, and Roche Diagnostics Operations, Inc. is the exclusive licensee of U.S. Patent No. RE 35,803 (the "'803 Patent") titled "Blood Lancet Device and Method for Withdrawing Blood for Diagnostic Purposes" which issued on May 19, 1998.

2. Roche Diagnostics GmbH is the owner of the trademark SOFTCLIX®, which was registered on the Principal Register on July 6, 1993 by the United States Patent and

Trademark Office, Reg. No. 1,780,139 for use in connection with lancet devices and lancets for obtaining capillary blood.

3. Roche Diagnostics GmbH and Roche Diagnostics Corporation have been using the SOFTCLIX® mark in connection with their SOFTCLIX brand lancets and lancet devices.

4. Roche Diagnostics GmbH also uses the trademark SOFTCLIX II for use with its SOFTCLIX II brand lancets and lancet devices.

5. Prior to August 25, 2004, S-U-N distributed lancets under the name "SOFTLET II®" (hereinafter also referred to as the "Accused Product").

6. S-U-N has no right or title in the SOFTCLIX® or SOFTCLIX II marks, or the '803 Patent.

7. Except with respect to products that are originally packed and labeled by Roche, S-U-N shall not, without Roche's express authorization:

(a) Make, use, sell, distribute, market, or advertise the Accused Product;

(b) Use, reproduce, market, or advertise any product using the terms SOFTCLIX, SOFTLET or SOFTLET II;

(c) Use, reproduce, market, or advertise any product using any term, mark or symbol similar to SOFTCLIX, SOFTLET or SOFTLET II; or

(d) Aid, abet, encourage, or induce another to perform any of the acts prohibited herein.

8. So long as S-U-N continues to abide by the terms of this Agreed Permanent Injunction, Roche releases S-U-N, its officers, directors, employees, agents, advertisers, publishers, customers, successors and assigns from any and all claims and liabilities arising out of the facts and circumstances set forth herein, and all claims and liabilities which were or could have been brought in the Lawsuit.

9. So long as Roche continues to abide by the terms of this Agreed Permanent Injunction, S-U-N releases Roche, its officers, directors, employees, agents, advertisers, publishers, customers, successors and assigns from any and all claims and liabilities arising out of the facts and circumstances set forth herein, and all claims and liabilities which were or could have been brought in the Lawsuit.

10. Any violation of this Agreed Permanent Injunction by S-U-N will cause Roche immediate and irreparable harm.

11. In the event that Roche brings any action, proceeding or other claims ("Claim") to enforce any rights arising under this Agreed Permanent Injunction, Roche shall be entitled to recover from S-U-N liquidated damages in the amount of $5,000.00 for each violation of this Agreed Permanent Injunction. The Parties agree and stipulate this liquidated damages amount is not a penalty, but an amount intended to reflect the uncertainties of litigation and difficulty of proving damages.

12. This Agreed Permanent Injunction will be binding upon and inure to the benefit of the parties' successors and assigns and shall remain in effect until such time, if ever, that the parties modify or extinguish the Agreed Permanent Injunction by separate written agreement.

13. The obligations set forth in this Agreed Permanent Injunction are reasonable, valid, enforceable, and not against public policy. The parties agree not to challenge any provision of this Agreed Permanent Injunction in any manner or in any forum.

14. This Lawsuit will be formally dismissed with prejudice upon the execution and entry by the Court of this Agreed Permanent Injunction. This Court shall retain jurisdiction over any enforcement proceedings that may become necessary in the future, and the parties agree that any proceeding to enforce this Agreed Permanent Injunction must be maintained in this Court.

Execution

By executing this Agreed Permanent Injunction, the undersigned agree to its terms.

Roche
Law D.
Approv.
As To For.

**ROCHE DIAGNOSTICS CORPORATION**

By: Steve A Olde
Authorized representative

Date: January 25, 2006

**ROCHE DIAGNOSTICS OPERATIONS, INC.**

By: Don Michael Young
Authorized representative

Date: January 25, 2006

**ROCHE DIAGNOSTICS GmbH**

By:
Authorized representative

Date: February 2, 2006

**SUPPLY U NOW, INC.**

By: President
Authorized representative

Date: Nov. 29th 2005

**Court Approval**

The Court hereby approves this Agreed Permanent Injunction and enters judgment accordingly. The parties are to bear their own costs and attorneys' fees. The action is dismissed with prejudice, but can be re-opened under this cause number for enforcement purposes.

Dated: 03/03/2006

Sarah Evans Barker
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Paul B. Hunt
BARNES & THORNBURG LLP
phunt@btlaw.com

Mary Jane Frisby
BARNES & THORNBURG LLP
mfrisby@btlaw.com

Stephen Lewis Vaughan
INDIANO VAUGHAN, LLP
steve@iplawindiana.com